DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
Respondent, Judith Zoble Gardner, is a Lafayette attorney licensed to practice law in the State of Louisiana since 1989. The Office of Disciplinary Counsel instituted an investigation into allegations of misconduct after complaints were filed asserting that respondent commingled and converted to her own use client funds and attorney’s fees from numerous cases that were to be paid to her employer, the Glenn Armentor Law Corporation.
On January 21, 1997, prior to the filing of formal charges by disciplinary counsel, respondent tendered a Petition for Consent Discipline acknowledging that she had converted approximately $119,918.84 with $74,-909.11 representing funds belonging to clients and $45,009.73 belonging to her former employer. She proposed that she be disbarred from the practice of law, effective the date of her interim suspension on November 22, 1996.[1] On January 21, 1997, the Office of Disciplinary Counsel filed a concurrence to the consent disbarment.
On March 13, 1997, respondent and the Office of Disciplinary Counsel filed at the request of the disciplinary board panel a joint Stipulation of Underlying Facts. It stated that based on the information obtained to date, respondent had commingled and converted between $114,000 and $124,000 from January 1994 to mid-July 1996. In sixteen of the twenty-nine identified cases, the client’s portion of the settlement was actually converted by the respondent. In the remaining thirteen cases, the respondent converted only the return of costs and/or the attorney’s fee which would have otherwise been payable to her former employer. The respondent was billed with theft by the Lafayette Parish District Attorney’s Office after charges were filed by attorney Glenn Armentor. Respondent was arrested, and is currently released on her own recognizance. Although respondent has provided restitution in the amount of $74,909.11 to the client victims, she has not yet repaid the amount owing to her former employer, which is estimated between $39,-000 and $49,000.
bit was also stipulated that respondent had numerous family, medical, and perhaps psychological problems, including, but not limited to, alcoholism, substance abuse, and chronic depression disorder, for which she is currently undergoing treatment and counsel-ling. Her ex-husband was arrested and charged with possession with intent to distribute controlled dangerous substances and had undergone substantial rehabilitation treatment which respondent had funded. In *1335 addition, her children required medical and counseling treatment.
The matter was submitted by the disciplinary board panel to the board. On May 15, 1997, the disciplinary board filed its recommendation proposing that respondent be disbarred from the practice of law and assessed with all costs of the proceedings. Further, the board recommended that respondent pay full restitution to all her clients and former employer prior to any application for readmission.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted.
Accordingly, it is ordered that respondent’s name be stricken from the rolls of attorneys, and that her license to practice law in the State of Louisiana be revoked effective the date of her interim suspension, November 22, 1996. It is further ordered that respondent make full restitution to her victims. Respondent’s payment of full restitution or efforts to make restitution will be considered if respondent applies for readmission. All costs of these proceedings including, but not limited to, all investigative costs are assessed to respondent.

 Traylor, J., not on panel. Supreme Court Rule IV, Part 2, § 3.

. In re Judith Zoble Gardner, 96-2737 (La. 11/22/96), 683 So.2d 1196.